TRUST & DEPOSIT CO. OF ONONDAGA v. SPARTANBURG WATER-WORKS CO.

(Circuit Court, D. South Carolina. December 29, 1898.)

RECEIVERS—GROUNDS FOR APPOINTMENT—PRIVATE CORPORATIONS.

The mere insolvency of a private corporation, arising from no proved fault in the management, is not sufficient ground for the appointment of a receiver. Without some evidence of waste, extravagance, carelessness, or fraud, which gives ground to apprehend that the property will suffer deterioration or serious injury, and that the court can interfere usefully, it will not impose upon the corporation the additional burden of the expense of a receivership.

This is a suit in equity to foreclose a mortgage.

Carlisle & Carlisle, for complainant.

Hydrick & Wilson, for defendant.

BRAWLEY, District Judge. This case is before me upon motion, after due notice, to vacate an order made herein November 9, 1898, appointing a temporary receiver of the defendant company upon the

ex parte application of plaintiff. Affidavits in support of and against the motion have been submitted, and the facts, in so far as they are pertinent to the question to be determined, are as follows: The plaintiff is trustee of the second mortgage of the defendant company, a corporation organized under the laws of the state of South Carolina for the purpose of constructing and operating a waterworks plant in the city of Spartanburg; and the bill is filed for the purpose of foreclosing said second mortgage, which was executed for the securing of $50,000 of bonds, no interest on which has ever been paid. There is a first mortgage securing $100,000 of bonds, the interest coupons of which appear to have been paid on maturity. The interest coupons on the second-mortgage bonds due February 1, 1894, and since, are all unpaid, and some judgments have been obtained on these past-due coupons and other indebtedness of the company. The inability of the company to pay these coupons as they mature is not disputed, and the right to foreclosure cannot be, and is not, contested. It appears from the reports of earnings filed with the affidavits that the company earns each year more than enough to pay the interest on the first mortgage, and that said earnings are applied to extending the mains and otherwise improving the plant of the company, which, under its contract with the city of Spartanburg, it is required to do. There is no evidence of mismanagement, or charge of extravagance, and an inspection of the statements of the accounts seem to show that the company is managed with economy and efficiency; and there is nothing to show that the bondholders are worse off now than when they took the securities. The revenues of the company seem to be steadily increasing with the extension of the plant, and the default in the payment of interest is not shown to be due to any other cause than the failure of the company to earn sufficient money for that purpose. Holders of bonds to the amount of $22,500 oppose the appointment of a receiver, while holders of $21,500 bonds ask such appointment.

There are certain general principles of universal application, and certain settled rules, which should govern in cases of this nature. Among them are that courts of equity are reluctant to displace bona fide possessors from any of the just rights attaching to their title, that courts are not established for the carrying on of private enterprises, that it is not one of their proper functions to supply agencies for the conduct of a business for the profit of parties litigant, and that they have no magic touch whereby they can transmute insolvency into solvency, or render productive that which was unproductive. Power is given to them to appoint receivers, but it is a power to be sparingly exercised, and only in cases where the interests of justice imperatively demand it; for it is no light thing to wrest property from the hands of its owners. Mere insolvency, arising from no proved fault in the management of private corporations, is not a sufficient ground. There should be some evidence of waste or mismanagement or carelessness or fraud, or extravagance, wantonness, or collusion; some ground to apprehend that the property will suffer deterioration or serious injury; something to show that there is danger of probable loss, or that some rights may be substantially impaired. No such attending circumstances are shown here. There is no charge or proof of misman-

agement or misconduct or extravagance, or of any fact tending to show that the safety of the property will be imperiled if left in the hands of its owners, or that its earning power will be increased by a change of management. Affidavits from citizens of Spartanburg of the highest standing have been submitted, setting forth that the superintendent, C. W. Harty, is "thoroughly honest, intelligent, capable, and energetic," and that they "consider the present management of the Spartanburg Waterworks Company as good and efficient as should be desired." The salary paid to Harty seems moderate, as do all the other items in the expense account; and there is no reason to believe that a change of management will increase the efficiency of the plant, or that he is not doing as well with it as would any receiver appointed by this court. The failure to earn interest is not attributed to him as a fault. It is incident to the property itself. All agree that the temporary receiver is a gentleman of the highest character and business ability, but it is not pretended that he has any experience in this kind of business, or any special aptitude from which results more beneficial to the bondholders can reasonably be expected. The appointment of a receiver, involving also the appointment of counsel, will impose upon the company the burden of additional expense, without any apparent compensating advantage,—an expense which its narrow income will ill allow. Feeling that the case is one where there is no reason to believe that the court can interfere usefully, it will not interfere at all. The order appointing a temporary receiver is vacated, and the motion for a permanent receiver is refused, with leave to apply hereafter, if occasion shall arise. Meantime an order will be entered directing C. W. Harty, the superintendent and manager, to file with this court, quarterly, an account of the receipts and disbursements of the company, with itemized statements thereof; and he will be directed to allow to the solicitors of the plaintiff free access at all times to the books and papers of the company, and inspection of all vouchers; and such solicitors may apply for such further orders as they may deem necessary for the protection and preservation of the property.